IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**GRADY A. ROBERTS,**<br><br>    Debtor. | **CHAPTER 13**<br><br>Case No. 11-53671-jb |
| **RES-GA COBBLESTONE, LLC and RES-GA MILLS COVE, LLC,**<br><br>    Movants,<br><br>v.<br><br>**GRADY A. ROBERTS,**<br><br>    Respondent. | **CONTESTED MATTER** |

## MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE OR, IN THE ALTERNATIVE, FOR MODIFICATION OF THE AUTOMATIC STAY

COME NOW RES-GA Cobblestone, LLC ("Cobblestone") and RES-GA Mills Cove, LLC ("Mills Cove", collectively with Cobblestone, "RES-GA"), creditors and parties in interest in the above-styled Chapter 13 case (the "Case") of debtor Grady A. Roberts ("Roberts"), and, pursuant to Sections 1307(c) and 362(d)(1) of Title 11, United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), file this their Motion to Dismiss Chapter 13 Case With Prejudice or, in the Alternative, for Modification of the Automatic Stay (the "Motion"). RES-GA requests that the Court enter an order dismissing the Case for cause with prejudice, because, inter alia, the petition initiating this Case was filed in bad faith and as part of an abusive, malicious, and continuing scheme being perpetrated by Roberts in state and federal courts throughout the greater Atlanta area. In the alternative, should the Court decline to dismiss the Case, RES-GA requests that the Court modify the automatic stay to allow for the enforcement of various court

ATLANTA:5283920.2

orders and bench warrants as described below.  In support of this Motion, RES-GA respectfully shows the Court as follows:

## I.     JURISDICTION AND VENUE

1. On February 4, 2011 (the "Petition Date"), Roberts filed a voluntary petition for relief (the "Petition") under Chapter 13 of the Bankruptcy Code with this Court.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (O).  Venue for this proceeding and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 1307(c), 105(a), and 362(d)(1) of the Bankruptcy Code, as complemented by Rule 1017(f)(1) of the Federal Rules of Bankruptcy Procedure.

## II.    FACTUAL BACKGROUND

A.   Roberts' History of Abuse of this Court & Violation of Judge Hagenau's Order.

4. This Case is the **fourth** Chapter 13 bankruptcy case filed by Roberts with this Court in the past three years.  Roberts previously filed a Chapter 13 Petition with the Court on February 5, 2008.  See Voluntary Petition (Chapter 13), U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 08-62270-jb [Docket No. 1].  The Court dismissed that case in April of 2008 due to Roberts' failure to fund his plan.  See Order Dismissing Chapter 13 Case, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 08-62270-jb [Docket No. 13].  Robert filed a second Chapter 13 Petition with the Court on July 1, 2008.  See Voluntary Petition (Chapter 13), U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 08-72584-jb [Docket No. 1].  The Court again dismissed Roberts' petition for failure to fund a plan. See Order Dismissing Chapter 13 Case, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 08-72584-jb [Docket No. 21].  On May 5, 2009, Roberts filed a third Chapter

13 Petition with the Court. See Voluntary Petition, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 09-71833-jb [Docket No. 1]. The Court dismissed that case due to Roberts' failure to pay his filing fee after Roberts requested and received permission to pay his filing fee in installments. See Order Dismissing Case for Debtor's Failure to Pay Filing Fee, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 09-71833-jb [Docket No. 21].[1]

5.     In addition to serially filing Chapter 13 Petitions on behalf of himself, Roberts, acting as an attorney, has a long and well-documented history of abusive filings in this Court and other courts.[2] In July of last year, the Honorable Margaret H. Murphy entered an order directing that Roberts appear and "show cause why his conduct should not be referred to the State Bar of Georgia and to Committee on Discipline of the United States District Court for the Northern District of Georgia for investigation and potential disciplinary action, including disbarment, suspension from practice for a period of time, reprimand, or other discipline which the court may deem proper." See Order Directing Attorney Grady A. Roberts to Show Cause, pp. 4-5, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 10-76358-mhm [Docket No. 12] (the "Show Cause Order"). After detailing the abusive practices employed by Roberts before Judge Murphy, the Show Cause Order recounted four other known cases in which Roberts had abused and manipulated the Court, stating "Roberts' approach to this case does not appear to be

---

[1] In the instant Case Roberts has again requested that he be allowed to pay his filing fee in installments. See Application to Pay Filing Fee in Installments, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 11-53671-jb [Docket No. 2]. The Court denied that request based on Roberts' prior failure to pay his filing fee after being granted leave to pay in installments. See Order Denying Applications by Debtor(s) to Pay Filing Fees in Installments, U.S. Bankruptcy Court for the Northern District of Georiga, Case No. 11-53671-jb [Docket No. 4]. Upon information and belief, as of the date of the filing of this Motion Roberts has not yet paid his filing fee in the instant Case.

[2] This Motion will not attempt to document every frivolous filing made by Roberts in state and federal courts throughout the greater Atlanta area. The orders and cases discussed herein are only a small sample of Roberts' frivolous filings.

an isolated occurrence." Id., pp. 3-4. The Show Cause Order concluded "These facts evidence a pattern of filing chapter 11 petitions in bad faith without any bona fide rehabilitative purpose or intention, or by incompetence." Id., p. 4. A copy of the Show Cause Order is attached hereto as "Exhibit 1".

6. In October of last year, Roberts' abusive tactics caused the Honorable Wendy L. Hagenau of this Court to sanction Roberts by, among other things, barring Roberts from filing any bankruptcy cases in the Northern District of Georgia for a period of six months. See Order, U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 10-72520-wlh [Docket No. 31] (the "Sanctions Order"). A copy of the Sanctions Order is attached hereto as "Exhibit 2". Prior to entry of the Sanctions Order, Judge Hagenau found that Roberts should be sanctioned for filing a bankruptcy petition for the improper purpose of harassing a lender. Id., p. 2. When Roberts failed to attend the hearing at which the question of whether to impose sanctions against him was to be considered, the Court stated "the pattern of Mr. Roberts' behavior in multiple cases filed in the Northern District of Georgia necessitates sanctions to deter future misconduct, and to protect the courts, the bankruptcy system, and the participants in it." Id., p. 2. The Court then imposed various sanctions upon Roberts including, importantly, the following:

> Mr. Roberts is suspended from filing any bankruptcy cases under any chapter in the Northern District of Georgia for a period beginning as of October 5, 2010 and ending on the date which is the later of (i) April 5, 2011, or (ii) when Mr. Roberts certifies to the Court that he has completed twenty-five (25) hours of continuing legal education in the area of bankruptcy law, at least five (5) of which must qualify as ethics or professionalism hours and at least ten (10) of which must be specifically related to chapter 11 cases.

Id., p. 4. Upon information and belief, Roberts did not certify to the Court that he completed the continuing legal education requirements imposed by the Sanctions Order.[3] Roberts therefore remains barred by the Sanctions Order from filing any bankruptcy cases in this Court, including the instant Case. Unfortunately the Sanctions Order did not accomplish its purpose "to deter future misconduct, and to protect the courts, the bankruptcy system, and the participants in it", and by filing the instant Case Roberts has violated the Sanctions Order.

B.  The Circumstances Leading to the Filing of This Case.

7.  The facts and circumstances leading to the filing of the instant Case involve conduct by Roberts even more egregious than the conduct described in the foregoing paragraphs. Without distracting unnecessarily from the issue at hand – Roberts' bad faith in filing this Case – a brief recitation of the salient facts leading up to the Petition Date is necessary to show the Court Roberts' motivation in filing the instant Case. As demonstrated in RES-GA's legal argument below, it is necessary that the Court consider these prepetition facts in determining whether the Petition was filed in bad faith. These facts are drawn from the Order of United States District Judge Timothy C. Batten, Sr. entered on December 2, 2010 in RES-GA Cobblestone, LLC and RES-GA Mills Cove, LLC v. Blake Construction and Development, LLC, et al., United States District Court for the Northern District of Georgia, Civil Action No. 1:10-CV-3547-TCB [Docket No. 13] (the "Batten Order"). A copy of the Batten Order is attached hereto as "Exhibit 3".

8.  In September, 2010, RES-GA commenced a civil action in the Superior Court of Fulton County (the "Fulton County Litigation") against Roberts, Fiame Michelle Simpson (also a Georgia attorney), and several borrowers (the "Defendants") seeking to stop the Defendants'

---

[3] Judge Hagenau also ordered that Roberts pay a $1,000.00 fine into the registry of the Court. (Sanctions Order, p. 4). Upon information and belief, that fine has never been paid.

ongoing slander of RES-GA's title to the properties that are the subject of the dispute (the "Properties"), the Defendants' trespass on the Properties, and the Defendants' conversion of rent payments related to the Properties. (Batten Order, p. 1). Roberts acts as attorney for all the Defendants. Id. On September 17, 2010, the Superior Court granted RES-GA's request for a temporary restraining order and interlocutory injunction, enjoining the Defendants from, among other things, coming within 1,000 yards of the Properties, and ordering the Defendants to deposit all rents collected from the Properties into the Court registry and to produce all leases related to the Properties.

9. On October 5, 2010 RES-GA filed an Emergency Motion for Contempt and on October 14, 2010 RES-GA filed an Emergency Renewed Motion for Contempt related to the Defendants willful violations of the Superior Court's temporary restraining order and interlocutory injunction.

10. On October 20, 2010 and again on October 29, 2010, Roberts, on behalf of all Defendants, attempted to remove the case to the U. S. District Court for the Northern District of Georgia on improper grounds. As a result, the November 2, 2010 hearing on Plaintiffs' Emergency Renewed Motion for Contempt in the Fulton County Litigation was cancelled. Id. pp. 1-2. Because both removals were frivolous and filed solely for the purpose of delaying the previously scheduled contempt hearing in the Fulton County Litigation and because Roberts had filed abusive removals in other cases, RES-GA sought sanctions against Roberts in the District Court under, among other authority, Rule 11. 1:10-CV-3547-TCB (the "District Court Litigation") Id. p. 2. The District Court remanded the action to the Superior Court but retained jurisdiction to consider the imposition of sanctions.

11. Following the District Court's remand, the Honorable Christopher S. Brasher, the Superior Court Judge presiding at that time over the Fulton County Litigation, set a hearing on RES-GA's Emergency Renewed Motion for Contempt. Id. at 15. Roberts responded by filing a new lawsuit in the District Court naming as defendants, among other parties, Judge Brasher, RES-GA, and RES-GA's counsel. Id. The new lawsuit listed Judge Brasher's home address and attempted to require that the U.S. Marshal serve Judge Brasher at his residence. Id. at 16. As a result, on November 19, 2010, Judge Brasher issued an order recusing himself and, pursuant to Judge Brasher's order, the Fulton County Litigation was transferred to the Honorable Shawn E. LaGrua.

12. On December 2, 2010, Judge Batten, the Federal District Court Judge presiding over the District Court Litigation, issued sanctions against Roberts and Roberts Law LLC, ordering, among other things, the striking and dismissal with prejudice of the federal complaint. Id. at 15. The Batten Order found "(1) Roberts acted willfully; (2) his conduct reflects a pattern of activity; (3) his conduct infected the entire pleading; (4) he has engaged in similar conduct in other litigation; (5) his conduct was intended to injure [RES-GA], their counsel and Judge Brasher; (6) his conduct has delayed the superior court action and the hearing on Plaintiff's motion for contempt and caused this Court to divert time and resources to address his offensive behavior; and (7) Roberts is a licensed attorney, having graduated from Georgia State University College of Law in 1993 and having been admitted to the Georgia Bar in 1994." Id. at 18-19. Before imposing sanctions on Roberts, the Batten Order stated "Roberts's continued abuse of Plaintiff's, their counsel, Judge Brasher, the Fulton County Superior Court and this Court's time and resources is unacceptable. Immediate remand of his frivolous removals has not deterred him. The award of attorneys' fees and costs as a result of his frivolous removals has not deterred

him. The threat of Rule 11 sanctions has not deterred him. Consequently, the Court finds that the draconian sanctions suggested by Plaintiffs are necessary to deter Roberts and others from engaging in similar abuse of the judicial system in the future." Id. at 21. Judge Batten then ordered that Roberts and his firm pay to RES-GA's counsel $15,320.01 in fees and expenses incurred, pay a $2,000 fine into the registry of the court, and disgorge certain fees and expenses earned for his wrongful actions, all within ten days of entry of the Batten Order. Id. at 25. Judge Batten further referred the action to Chief Judge Carnes with a recommendation that Roberts be disbarred from the District Court and stated that a copy of the Batten Order was being forwarded to the State Bar of Georgia for an investigation of Roberts. Id. at 25-26.

13.    Roberts failed to comply with the Batten Order. On December 20, 2010, RES-GA filed a motion for contempt against Roberts and his firm. On January 20, 2011, Judge Batten entered an Order on RES-GA's motion for contempt, a copy of which is attached hereto as "Exhibit 4". See Order on Plaintiff's Motion for Contempt, District Court Litigation [Docket No. 23]. The Order recited that the District Court set a hearing for January 7, 2011 to show cause why Roberts should not be held in contempt and that Roberts failed to appear at the hearing. Id. at 2-3. Judge Batten awarded RES-GA additional attorneys fees, imposed a $250 daily coercive fine on both Roberts and his law firm (for a total daily fine of $500), and stated that, if Roberts did not comply with the Batten Order or appear before the court to be incarcerated by February 2, 2011, a bench warrant would be issued for Roberts' arrest. Id. at 11-13. The order ended by stating "The Court also puts Roberts on notice that the Court will consider additional contempt sanctions, including criminal contempt sanctions, if Roberts continues to violate this Court's order." Id. at 13.

14. Roberts did not appear before Judge Batten or comply with the Batten Order on or before February 2, 2011. On February 2, 2011 at 3:45 p.m., the U.S. District Court for the Northern District of Georgia issued a Bench Warrant for the Arrest of Grady Roberts. A copy of the Bench Warrant is attached hereto as "Exhibit 5". On February 4, 2011, Roberts filed his Petition and commenced the instant Case.

15. The Fulton County Litigation remains ongoing, although now it may be stayed as against Roberts.[4] On February 4, 2011, Judge LaGrua held a show cause hearing on Plaintiffs' Emergency Renewed Motion for Contempt. Despite being ordered by Judge LaGrua to personally appear, Roberts, as well as the other individual Defendants, failed to appear at the February 4, 2011 hearing. On February 7, 2011, Judge LaGrua issued an order granting RES-GA's Emergency Renewed Motion for Contempt against, among other parties, Roberts.[5] A copy of Judge LaGrua's order is attached hereto as "Exhibit 6". Pursuant to Judge LaGrua's order, Roberts is to be arrested by the Sheriff of Fulton County and is to be incarcerated in the Fulton County Jail. A further contempt hearing in the Fulton County Litigation has been set for Monday February 14, 2011, necessitating that RES-GA seek the relief requested herein on an expedited basis.[6]

### III. RELIEF REQUESTED

16. By this Motion, RES-GA seeks entry of an order dismissing Roberts' Case for

---

[4] The automatic stay does not operate as a stay of the commencement or continuation of a criminal action or proceeding, and RES-GA arguably remains free to seek criminal contempt against Roberts notwithstanding the pendency of this case. Out of an abundance of caution, however, RES-GA seeks the permission and guidance of the Court as to how to proceed.

[5] As stated above, RES-GA'S Emergency Renewed Motion for Contempt was filed on October 14, 2010, well before the Petition Date.

[6] Simultaneously with the filing of this Motion RES-GA is filing a Motion for Expedited Hearing requesting that a hearing on this Motion be held prior to the February 14 hearing scheduled in the Fulton County Litigation.

cause pursuant to 11 U.S.C. § 1307(c) on the basis that Roberts' Petition was filed in bad faith. Further, in light of Roberts' demonstrated willingness to serially abuse the legal processes of this Court and other courts both as a debtor and as an attorney, RES-GA requests that such dismissal be with prejudice to Roberts' filing of any other bankruptcy case with this Court for a period of 180 days.  In the alternative, should the Court decline to dismiss the Case, RES-GA requests that the Court modify the automatic stay for cause to provide that RES-GA may continue to proceed with the Fulton County Litigation and the District Court Litigation.[7]

### IV.    ARGUMENT AND CITATION TO AUTHORITY

A.    Dismissal Pursuant to 11 U.S.C. §1307(c).

17.    The Court, after notice and a hearing, may order the dismissal or conversion of a Chapter 13 case at the request of a creditor or other party in interest "for cause."  11 U.S.C. § 1307(c).  While 11 U.S.C. § 1307(c) contains a list of eleven specific instances that may constitute cause for dismissing or converting a Chapter 13 case, this list is non-exhaustive.  In re Buis, 337 B.R. 243, 250 (Bankr. N.D. Fla. 2006); In re Vlahakis, 11 B.R. 751, 753 (Bankr. M.D. Ga. 1981).  In addition to the enumerated factors found in 11 U.S.C. § 1307(c), bankruptcy courts in the Eleventh Circuit hold that a Chapter 13 case may be dismissed for cause where the petition was not filed in good faith.  See id.; In re Vanfossen, 258 B.R. 814, 818 n.4 (Bankr. N.D. Ala. 2001); In re Haning, 252 B.R. 799, 807 (Bankr. M.D. Fla. 2000).

18.    "'Good faith' is not defined by the Bankruptcy Code, but rather must be determined on a case by case basis through a totality of the circumstances."  Buis, 337 B.R. at 250 (citing In re Love, 357 F.2d 1350, 1355 (7th Cir. 1992)).  A determination of bad faith is a fact-intensive determination left to the sound discretion of the bankruptcy court.  In re Myers,

---

[7] Since being advised of the pendency of this Case on February 8, 2011, RES-GA has taken no action to pursue sanctions of any sort against Roberts.

334 B.R. 136, 142 (E.D. Pa. 2005). Among the factors that a bankruptcy court may consider in determining whether a Chapter 13 case has been filed in bad faith are: (1) whether the debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed its petition in an inequitable manner; (2) the debtor's bankruptcy history and prior dismissals; (3) whether the debtor filed the bankruptcy petition to defeat state court litigation; and (4) whether egregious behavior is present. In re Leavitt, 171 F.3d 1219, 1224 (B.A.P. 9th Cir. 1999). Courts also consider the timing of the petition date *vis a vis* actions being taken in other fora, the debtor's motive in filing the petition, the debtor's treatment of creditors both before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and creditors. Myers, 334 B.R. at 142.

19.    In discussing the concept of good faith in the context of a Chapter 13 bankruptcy case, the Eleventh Circuit has held:

> [W]henever a Chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives . . . . Unmistakable manifestations of bad faith need not be based upon a finding of actual fraud, requiring proof of malice, scienter or an intent to defraud. We simply require that the bankruptcy courts preserve the integrity of the bankruptcy process by refusing to condone its abuse. The cornerstone of the bankruptcy courts has always been the doing of equity. The protections and forgiveness inherent in the bankruptcy laws surely require conduct consistent with the concepts of basic honesty.

In re Waldron, 785 F.2d 936, 941 (11th Cir. 1986) (per curiam) (denying confirmation of Chapter 13 plan where petition was filed in bad faith for improper purpose).

20.    Once cause to dismiss or convert a Chapter 13 case has been shown, the decision to dismiss the case or to convert it to a case under Chapter 7 is within the discretion of the bankruptcy judge. Buis, 337 B.R. 253 (citing In re Blaise, 219 B.R. 946, 950 (B.A.P. 2d Cir 1998)). In deciding between conversion and dismissal, the Court must consider "the best interests of the creditors and the estate." 11 U.S.C. § 1307(c). Where the basis for dismissal or

conversion is bad faith filing as opposed to failure to meet a requirement specific to Chapter 13, the court should dismiss the case rather than convert it to a Chapter 7, because bad faith filing would also be a basis to dismiss a Chapter 7 petition. See Myers, 334 B.R. at 145 (affirming decision of bankruptcy court to dismiss rather than convert Chapter 13 case and stating "the bankruptcy court found that the reasons justifying a bad faith dismissal under Chapter 13 also precluded allowing Appellant-debtor to convert to Chapter 7. Like Chapter 13 cases, Chapter 7 cases are also subject to dismissal 'for cause' if filed in bad faith.").

21. In the instant Case, the totality of the circumstances demonstrates that Roberts filed the Petition in bad faith. Roberts' history of prior bankruptcy filings with this Court as a debtor reveals that this is Roberts' fourth Chapter 13 bankruptcy filing in this Court in the last three years. The three cases filed by Roberts as a debtor prior to this Case all resulted in dismissal. Roberts' history of prior bankruptcy filings with this court as an attorney, as evidenced by Judge Murphy's Show Cause Order and Judge Hagenau's Sanctions Order, also reveals that Roberts is a serial abuser of the bankruptcy system. Indeed, the fact that the Petition was filed in violation of the requirement in Judge Hagenau's Sanctions Order that Roberts not file any cases in this Court for six months, standing alone, requires dismissal of this Case. It also demonstrates Roberts' bad faith.

22. The facts and circumstances surrounding the various sanctions orders, contempt orders, and bench warrant that Roberts was facing immediately prior to the Petition Date point overwhelmingly towards a bad faith filing. Roberts did not file this case with a bona fide rehabilitative purpose or intention. He filed it in yet another attempt to avoid the consequences of his contemptuous, and likely criminal, conduct. In determining whether Roberts filed this Case in good faith, the Court should consider the timing of the Petition *vis a vis* the actions that

were being taken in the District Court Litigation and Fulton County Litigation.  See Leavitt, 171 F.3d at 1224; Buis, 337 B.R. at 250.  Viewing this filing in light of the penalties that were about to be imposed upon Roberts as a result of his abusive and outrageous conduct, the Court must conclude that Roberts filed this case for the impermissible purpose of staying the orders entered by Judges Batten and LaGrua, and not for a genuine rehabilitative purpose.

23. This Court, as a court of equity, must "preserve the integrity of the bankruptcy process by refusing to condone its abuse."  In re Waldron, 785 F.2d at 941.  Roberts' filing is an abuse of the bankruptcy system and a continued abuse of the judicial system in general by an attorney admitted to practice law in the State of Georgia.  The Court should not condone it.

24. In the event the Court finds cause exists to dismiss or convert this Case, RES-GA submits that the Court should dismiss it.  The Bankruptcy Code requires that the Court consider "the best interests of the creditors and the estate" in deciding whether to dismiss a case or convert it to one under Chapter 7.  11 U.S.C. § 1307(c).  The only creditors listed by Roberts in the petition are RES-GA's counsel and the U.S. District Court for the Northern District of Georgia.  Obviously, neither of these parties have any interest in seeing Roberts remain in bankruptcy.  Further, if the basis for dismissing or converting Roberts' case is that the Petition was filed in bad faith, conversion to a Chapter 7 will do nothing cure that defect.  The Court should therefore dismiss the case.

B. The Dismissal Should be With Prejudice.

25. Where a Chapter 13 case is dismissed on the basis of a bad faith filing, the dismissal should be with prejudice to the debtor's filing of another case under Title 11 in the near future. See In re Bertelt, 250 B.R. 739, 750 (Bankr. M.D. Fla. 2000) (dismissing Chapter 13 case for bad faith filing and barring debtor from re-filing for 180 days); In re Graffy, 216 B.R. 888, 892 (Bankr. M.D. Fla. 1998) (dismissing Chapter 13 case for bad faith filing and barring debtor

from filing any case seeking relief relating to IRS tax obligations for two years). The obvious logic behind such decisions is that, if the debtor is willing to file one bankruptcy petition in bad faith, the debtor is likely willing to file another. Simply dismissing the case without barring the debtor from re-filing for a period of time provides only illusory relief.

26. "The usual remedy for a bad faith filing is dismissal 'with prejudice,' which works to prohibit the filing by a debtor of any case under Title 11 for a period of 180 days. The authority for such a dismissal arises under § 105(a) [of the Bankruptcy Code], which empowers this court to issue any order, process or judgment which is necessary or appropriate to prevent abuse of the bankruptcy system." In re Armwood, 175 B.R. 779, 787 (Bankr. N.D. Ga. 1994). Other courts have barred debtors who filed petitions in bad faith from filing cases under Title 11 for periods in excess of 180 days. See In re Robertson, 206 B.R. 826 (Bankr. E.D. Va. 1996) (417 days); In re Ingram, No. 96-21260-BKC-PGH, 1996 WL 788401 (Bankr. S.D. Fla. Dec. 5, 1996) (one year). It is within the discretion of the Court to determine the appropriate period of time during which to bar the debtor from another filing under Title 11. Bertelt, 250 B.R. at 748.

27. Roberts has demonstrated his willingness to serially file bankruptcy petitions by filing four cases with this Court in the last three years. Further, as evidenced from the facts recounted above, Roberts has shown a willingness to abuse the judicial system even in the face of sanctions and court orders. The very filing of this Petition was in violation of Judge Hagenau's Sanctions Order.

28. It is evident that a mere dismissal of this Case will not be enough to keep Roberts from filing for bankruptcy again if he views it as advantageous to do so. RES-GA therefore requests that Roberts be barred from filing for bankruptcy in the future for a period of at least 180 days from the date of the order dismissing his case.

C.     Modification of the Automatic Stay.

29.    Section 362(d)(1) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and a hearing, the automatic stay may be terminated, annulled, modified, or conditioned "for cause."  Just as bad faith may provide cause for dismissal of a bankruptcy case, bad faith may also provide cause for relief from the automatic stay.  In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989).  For the reasons stated above, RES-GA submits that Roberts' Petition was filed in bad faith.  Cause therefore exists for relief from the automatic stay.  Id.

30.    In the event that the Court declines to dismiss Roberts' Case, RES-GA respectfully requests that the Court modify the automatic stay to allow RES-GA to continue to pursue Roberts in the Fulton County Litigation and the District Court Litigation.

V.     CONCLUSION

31.    Roberts filed this Case in an attempt to avoid the enforcement of various sanctions imposed upon him as a result of his flagrant abuse of the judicial process and in the face of a bench warrant issued by a federal judge calling for his immediate arrest.  The filing of this Case itself is an abuse of judicial process as well as Judge Hagenau's October 2010 Sanctions Order, which barred Roberts from filing any bankruptcy case in this district for a period of six months.  Roberts filed this Case in bad faith without any bona fide rehabilitative purpose or intention.  He has abused the processes of this Court as both a lawyer and as a debtor.

32.    Because the case was filed in bad faith, it must be dismissed pursuant to 11 U.S.C. § 1307(c).  In light of Roberts' long and well-documented history of abusive legal filings, the dismissal should be with prejudice to Roberts' filing of any other bankruptcy petition with this Court for a period of at least 180 days.  Finally, to the extent the Court declines to dismiss the Case, the Court should modify the automatic stay for cause pursuant to 11 U.S.C. ¶ 362(d)(1)

15

to allow for the continuation against Roberts of the Fulton County Litigation and District Court Litigation.

33. In the event that the Court dismisses Roberts' Case, RES-GA requests that the Court declare the automatic stay to be void *ab initio* to the Petition Date as if the Case had never been filed. RES-GA further respectfully requests that any order granting the relief requested herein be effective immediately without regard to any stays on enforcement imposed by the Bankruptcy Code or Rules. Finally, in the event that the Case is dismissed, RES-GA requests that the Court retain jurisdiction over the issue of whether additional civil or criminal sanctions should be imposed against Roberts.

Respectfully submitted, this 9th day of February, 2011.

**MCKENNA LONG & ALDRIDGE LLP**

/s/ David E. Gordon
David E. Gordon, Esq.
Georgia Bar No: 111877
Gary W. Marsh, Esq.
Georgia Bar No: 471290
Nathan L. Garroway
Georgia Bar No. 142194
Kathleen A. Lentz
Georgia Bar No. 214008

303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
Attorneys for RES-GA Cobblestone, LLC &
RES-GA Mills Cove, LLC

# CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the within and foregoing MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE OR, IN THE ALTERNATIVE, FOR MODIFICATION OF THE AUTOMATIC STAY upon counsel of record in the above-styled action by depositing a copy of same in the United States mail with adequate postage affixed thereto, addressed as follows:

Grady A. Roberts
P.O. Box 431
Redan, GA  30074

Mary Ida Townson
Chapter 13 Trustee
Suite 2700 Equitable Bldg.
100 Peachtree Street, NW
Atlanta, GA 30303

Office of the US Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA 30303-3330

U.S. District Court for the Northern
District of Georgia, Atlanta Division
75 Spring Street, SW
Atlanta, GA 30303

Grady A. Roberts
Grady Roberts Law
191 Peachtree Street, NE
Suite 3300
Atlanta, Georgia 30303

Grady A. Roberts
1846 Wellbourne Drive
Atlanta, Georgia 30324

This 9th day of February, 2011.

MCKENNA LONG & ALDRIDGE LLP

By:   /s/ David E. Gordon
        David E. Gordon, Esq.
        Georgia Bar No: 111877

Suite 5300-303 Peachtree Street
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Fax: (404) 527-4198
Email:  dgordon@mckennalong.com

ATLANTA:5283920.2